```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                       :
AMY SALVEMINI                          :
                                       :
                                       :
v.                                     :    CIV. NO. 3:08CV402 (HBF)
                                       :
TARGET STORES, INC.                    :
                                       :
                                       :
                                       :
```

RULING ON DEFENDANT'S MOTIONS IN LIMINE [DOC. #83, 84, 106]

Plaintiff alleges that a lamp shade fell on her head on April 10, 2006, while she was shopping at a Target Store located in Waterford, Connecticut. As a result, she alleges, she sustained bodily injuries, lost wages and an impairment of her earning capacity.

Oral argument was held on March 26, 2012, on defendant's three pending Motions in Limine. Trial is scheduled for April 10, 2012.

1. <u>Defendant's Motion to Preclude Evidence Regarding Lost Wages and Impairment of Earning Capacity</u> **[Doc. #83]**

Defendant moves for an order precluding plaintiff from introducing evidence of her alleged lost wages and impairment of earning capacity on the basis that the evidence disclosed during the discovery process is insufficient to establish plaintiff's claims.

1

Plaintiff, who runs a day care business out of her home, contends that, as a result of the injury at Target, she lost income and her earning capacity was impaired.  Plaintiff did not file any Damages Analysis articulating the amount and basis for her claims.  During the discovery process, plaintiff provided copies of her tax returns for the years 2002 through 2009. Plaintiff's tax returns showed gross receipts from the daycare services as follows: 2002-$20,006; 2003-$23,994; 2004-$25,585; 2005-$20,729; 2006-$22,109;2007-$23,092; 2008-$20,969; and 2009-$18,304. Defendants point out that plaintiff's gross receipts were higher in 2007, after the incident, than in 2005 and 2006. Defendant contends that plaintiff has not produced <u>any</u> evidence that supports her claim for lost income and the tax returns are insufficient to show a net loss of clients due to plaintiff's alleged injuries.

Ms. Salvemini withdrew the expert, Dr. Gary M. Crakes, Ph.D she disclosed on economic loss.  Plaintiff agrees that the tax returns do not, on their own, conclusively establish that her income and earning capacity have been negatively affected by this injury. Rather, she intends to offer additional evidence in the form of testimony supported by her business records. Specifically, based on calendars from 2004 to the present, in which she tracked the number of children she cared for daily, plaintiff plans to testify about the number of prospective day

care clients she turned away, as well as the number of clients she lost following the Target incident. Plaintiff contends she is competent to testify regarding her damages.

At issue is plaintiff's contention that she sustained a twenty-five percent loss of income and impairment of earning capacity as a result of the injuries she sustained at Target in 2006.  Defendant argues that plaintiff has not explained how she arrived at this figure.

At deposition, Ms. Salvemini testified she kept a record of the hours/days her clients were under her care on a calendar and recorded payment in a receipt book.[1] [Amy Salvemini Depo. Tr. 22-25]. She stated she maintains a separate bank account for the business, tracks business expenses and withdraws money from the business account to pay for household expenses, as needed. She testified that her accountant determines what percentage of general household expenses are attributed to the day care business. [Amy Salvemini Depo. Tr. 22-25]. Under questioning at her deposition, Ms. Salvemini was unable to answer what her net profits were for the years 2005, 2006, 2007 or estimate her profits for 2008. [Amy Salvemini Depo. Tr. 26-27].  She asserted at her deposition that she experienced a twenty-five percent loss

---

[1] Plaintiff's proposed exhibits do not include a receipt book.  The calendars were produced after the deposition, so defense counsel had no opportunity to examine plaintiff on these records.

in business because she has reduced the number of children she cares for due to the pain from injuries sustained at Target. [Amy Salvemini Depo. Tr. 113-15]. At the deposition, Ms. Salvemini was asked:

> Q: I guess what I'm getting at is, you mentioned that you are claiming 25 percent of income as your loss. And I guess I'm trying to figure out how you get to that figure, how you are basing that, what are you basing that on?
>
> A: I don't have every child as a full-time child.
>
> Q: Why do you pick the number of 25 percent?
>
> A: That's what it came out to be.
>
> Q: And how did you reach that figure?
>
> A: Just with the amount that I had given [my attorney], the information I had given him.
>
> . . . . .
>
> Q: When we talked earlier, it seemed like from 2005 to 2006 to 2007 your income has actually gone up each year; is that correct?
>
> A: Yes.
>
> Q: If you are claiming that there is a 25% reduction in your income, wouldn't we see . . . reductions of about 25% each year?
>
> A: Not necessarily. The way the day care works is the slots that are taken, you have one kid full-time, or you've got six kids full-time all week long compared to three part-time and three part-time and what you charge them, and it varies. And right now I'm not at where I would be if I was not injured.
>
> Q: And in 2005, you made less in net profit than what you made in 2007; correct?

A: Correct.

[Amy Salvemini Depo. Tr. 117-18].

Plaintiff's husband, Mark Salvemini, testified that his wife was claiming a twenty-five percent loss in business but he was also unable to explain the loss calculation, stating the accountant did not prepare annual financial statements for the day care business. [Mark Salvemini Depo. 14-19]. Mr. Salvemini was asked,

> Q: Have you ever looked at any of the profit declarations or the income claimed by the business in these tax returns to attempt to quantify whether Amy's business has sustained any economic loss since April of 2006?
>
> A: No. I have never evaluated these forms.

[Mark Salvemini Depo. Tr. 19].

At oral argument, plaintiff's counsel stated he intends to offer her calendars, pl. exs. 12 (typed) and 13 (contemporaneous handwritten), and her testimony to explain the flow of clients both before and after the accident and the day care rates charged each year. The lost hours per day/week/year and the day care rates have not been provided.

Defendant moves to preclude a claim for lost income and impairment of earning capacity because: (1) the tax returns do not support the claim; (2) both plaintiff and her husband were unable to articulate the rationale for how they arrived at a twenty-five percent loss at their depositions; (3) no damages

figure has been presented; and (4) there is no financial data to support the claim.  "A party who seeks to recover damages . . . on the ground of lost earnings or earning capacity must establish a reasonable probability that his injury did bring about a loss of earnings, and must afford a basis for a reasonable estimate by the trier, court or jury, of the amount of loss."  <u>Daigle v. Metropolitan Property and Casualty Ins. Co.</u>, 60 Conn. App. 465, 469-70 (2000) (ellipses and brackets omitted) (quoting <u>Bombero v. Marchionne</u>, 11 Conn. App. 485, 489, <u>cert. denied</u>, 205 Conn. 801 (1987)).  In <u>Daigle</u>, the plaintiff, a self-employed general contractor, offered tax returns to substantiate his claim for lost wages and lost earning capacity. The tax returns he sought to introduce "showed an increase in his net income for each year after the accident." <u>Id.</u> 60 Conn. App. at 469.  The <u>Daigle</u> Court found that "because the plaintiff's tax returns showed an increase in net income after the accident, they could not provide a basis for a reasonable estimate by the jury of an alleged loss in wages or earning capacity due to his injuries."  60 Conn. App. at 270 (finding trial court did not abuse its discretion by granting defendant's motion in limine).

On the current record, plaintiff has not demonstrated a "reasonable probability" that her to lose earnings and earning capacity. No financial records have been produced from which a reasonably probable computation of damages can be made, nor has

6

plaintiff's testimony adequately explained her claimed losses.

Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to the defendant "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(iii), the plaintiff must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."[2]  The advisory committee note to Rule 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments (explaining that, "[a] party claiming damages or other monetary relief must ... make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34").  Moreover, Rule 37(c)(1) provides that "[i]f a party

---

[2]Rule 26(a)(1)(A)(iii) of the Federal Rule of Civil Procedure provides that
>A computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials on the nature and extent of injuries suffered.

See Spinale v. Ball, 352 Fed. Appx. 599, **2 (2d Cir. 2009) ("Appellants should have been aware that a computation of damages would be required [under Fed. R. Civ. P. 26(a)(1)(A)(iii)]").

fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(a)(1)(A)(iii) required Ms. Salvemini provide defendant with a computation of damages and the documents supporting that claim. "Failure to provide damage computation documents may result in exclusion of damages calculation evidence or expert testimony regarding damage calculations at trial." 6 James Wm. Moore, Moore's Federal Practice, at §26.22[4][c] (3d Ed. 2010). Now, nearly four years after the case was filed, plaintiff proffers her deposition and her husband's deposition testimony and asserts that, at trial, her testimony and calendars will explain her claim of a twenty-five percent loss in income. At oral argument, plaintiff's counsel stated that the calendars were provided and are "fairly straight forward," asserting that, although it's labor intensive, all one has to do is add up the open client slots to reach a damages figure. The Court finds plaintiff's disclosure insufficient to provide defendant with a basis for evaluating the lost earnings damages, insight into plaintiff's method, or a reasonable basis for calculating damages. Daigle, 60 Conn. App. at 469-70.

Accordingly, defendant's Motion in Limine to Preclude

Evidence Regarding Lost Wages and Impairment of Earning Capacity **[doc. #83]** is **GRANTED**.


2.  <u>Defendant's Motion to Preclude Evidence of Medical Expenses that have been Written Off or Adjusted by Health Insurance Carriers</u> **[Doc. #84]**

Defendant moves for an order precluding plaintiff's counsel or any witness from referring to or presenting evidence, including testimony or statements, or arguments as to amounts billed to plaintiff for medical treatment which include amounts eventually written off or adjusted downward by the provider. Defendant requests an order requiring that all medical bills submitted to the jury reflect the actual amounts accepted by the health care providers in payment for their services. Alternatively, defendant requests that it be permitted to submit evidence to the jury of the amounts written off or adjusted for the purpose of assisting the jury in evaluating and deciding the necessity and reasonableness of the charges and to prevent misleading evidence from being considered by the jury.

The parties agree that Connecticut General Statute §52-572h(a) defines the recovery of "economic damages" as, "compensation determined by the trier of fact for pecuniary losses including . . . the cost of reasonable and necessary medical care." Connecticut Superior Court judges considering this issue have recognized that a plaintiff should not be

9

permitted to recover amounts that were billed but then written off or adjusted. Madsen v. Gates, 85 Conn. App. 383, n.4 (2004); Smallridge v. Tramantozzi, X04CV0304001300S, 2006 Conn. Super. LEXIS 3223,*8 (Conn. Super. Ct. Oct. 25, 2006) ("In the case presented, the award of medical bills greater than actually paid and, of course, greater than any payer's subrogation right, is a windfall. There is no ability on the part of anyone to collect the difference, and the provider of service has contractually agreed to the amounts paid."); Seguenzia v. Guerriri Masonry, Inc., CV054015138S, 2007 Conn. Super. LEXIS 2684, *23-24 (Conn. Super. Ct. Oct. 11, 2007) (Reducing, on post-verdict motion the damages awarded by the jury to "reflect the amount of medical bills paid by the actual payer and accepted by the provider as full payment for the bills."); Bolanos v. Curry, Docket No. CV01-0341916-S, Tr. of Oral Arg. at 2-3 (Conn. Super. Ct. Apr. 12, 2005) (citing footnote 4 in Madsen v. Gates); Ozga v. Federowicz, HHB-CV-04-4000341-S, Tr. Of Oral Arg. at *13 (Conn. Super. Ct. Apr. 13, 2005)(Advising counsel that the medical bills submitted to the jury should reflect that actual charge. "If the doctor agreed to reduce the cost of the visit and has not only accepted a lesser amount from the insurance company but has also released your client from the difference, then we do have, in fact, a new charge for the visit."); Bonin v. Bar B. Corp., No. X04 CV 05 4004267S, Rul. Pretrial Issues at *4 (Conn.

Super. Ct June 26, 2007) (Ruling that the "bill presented to the jury shall presumptively be the "adjusted" amount. If the plaintiff, who has the burden as to economic damages, wishes to introduce some higher amount, she shall have the burden to make some showing that the provider, or a subrogee, has the potential ability to collect a greater amount from the plaintiff. Once a showing is made, the court shall determine what amount will be presented to the jury."); Owens v. HNS, No: CV08-5016542S, Tr. of Oral Arg. at *4-5  (Conn. Super. Ct. Nov. 3, 2011) ("[U]nderstanding that collateral sources should be determined post verdict, I do believe that a jury should be faced with the real number, and not some number that has no basis in reality.").

    Plaintiff seeks to admit into evidence the total amount billed for medical services.  She argues that, "where a third party, such as a health insurer, has made payments on behalf of an injured plaintiff, it is proper that the plaintiff be permitted to include the amount written off when presenting to the jury evidence of the cost of obtaining "reasonable and necessary medical care" as contemplated by Conn. Gen. Stat. §52-572(a)(1)." [Doc. #89 at 6-7]. Plaintiff contends that jury should consider the "full value of the service" and "[i]f there is to be any reduction, such reductions should be addressed via post-verdict motions under the collateral source statutes." Id.; see Conn. Gen. Stat. §52-255a (Reduction in economic damages in

11

personal injury and wrongful death actions for collateral source payments).

On reply, defendant correctly points out that plaintiff failed to address the specific argument asserted in defendant's motion as to the admissibility of the total amount billed where, as here, it is uncontested that the medical provider agreed to accept a lesser amount. The Court agrees that the question of whether a collateral source reduction should be made can only be addressed <u>after</u> plaintiff has been awarded medical bills. <u>Smallridge v. Tramantozzi</u>, X04CV0304001300S, 2006 Conn. Super. LEXIS 3223, *5 (Conn. Super. Ct. Oct. 25, 2006) ("The issue presented is not one involving voluntarily reduced medical bills or deductions for payments actually made by qualified collateral sources. Rather, it is about the amount of the medical bill properly presented to the trier of fact in the first place."); <u>Ozga v. Federowicz</u>, HHB-CV-04-4000341-S, Tr. Of Oral Arg. at *5, 14 (Conn. Super. Ct. Apr. 13, 2005) (In ruling on the motion to preclude unredacted medical bills the court left for another day the determination of co-pays and insurance premiums).

The Court is persuaded by the cases cited in defendant's brief that the appropriate course is to submit the adjusted medical bills so the jury may properly evaluate and determine the reasonable and necessary medical expenses actually incurred by plaintiff or on her behalf. The Court notes that plaintiff did

not address defendant's cases in her brief or at oral argument.

Accordingly, the Court will preclude plaintiff from introducing into evidence at trial bills from healthcare providers that do not reflect the amounts written off by the health care provider or adjusted by the health insurance carrier. The parties should be able to agree on a format for presenting stipulated bills as exhibits at trial.

3. <u>Defendant's Motion to Preclude Bethany Salvemini From Testifying as a Witness at Trial</u> **[Doc. #106]**

Defendant's Motion to Preclude the testimony of Bethany Salvemini is **DENIED**, subject to plaintiff laying a foundation that the witness is competent to testify regarding the events in question. If defendant's counsel seeks a cautionary instruction, he should provide proposed language to the Court in advance of trial.

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #77] on November 28, 2011, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport this 3rd day of April 2012.

```
        /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```